**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CKG, INC.; and KIMBERLY CARROL                                                           PLAINTIFFS

v.                                          NO. 4:17CV00019 JLH

BUDGET MAINTENANCE CONCRETE
SVC, INC.                                                                                 DEFENDANT

**OPINION AND ORDER**

In the summer of 2015 Budget Maintenance Concrete Services, Inc., performed subcontract work for CKG, Inc., in central Arkansas.[1] Budget allegedly assured CKG that it was licensed to do the work, performed shoddy work, abandoned the project, and left Arkansas. After Budget abandoned the project, CKG discovered that Budget was not and had never been a licensed contractor.

CKG did not pay Budget. When Budget's lawyers at Jones, Jackson & Moll sent a lien notice to CKG, CKG informed them that seeking payment was improper for various reasons, including that Budget was not licensed when it contracted for and performed the work in violation of Arkansas law. Several months later, Budget again sought payment from CKG, this time through Tucker, Albin & Associates. The complaint calls Tucker, Albin & Associates a law firm, but a recent filing indicates that it is a debt collection agency. Document #24 at 7. CKG responded to Tucker, Albin & Associates with the same information that it sent to Jones, Jackson & Moll. Finally, another law firm, Orlando Law Offices, contacted CKG for the same purpose and threatened to file suit on Budget's behalf. CKG again responded that Budget's operations had been illegal under Arkansas law, rendering the subcontract void, and it threatened to file counterclaims. Budget then sued CKG,

---

[1] Background facts are described as alleged in the Complaint, Document #2, unless otherwise noted.

as well as its registered agent, Kimberly Carroll, individually, in Pennsylvania. Orlando Law Offices represented Budget.

Here, CKG and Carroll sued Budget, Orlando Law Offices, and a lawyer with that firm, Christopher Garrell, asserting fraud and violations of the Arkansas Deceptive Trade Practices Act. The Court dismissed Orlando Law Offices and Garrell several months ago for lack of personal jurisdiction over them.

The plaintiffs have recently served subpoenas for production of documents upon Jones, Jackson & Moll; Tucker, Albin & Associates; and Orlando Law Offices. All three subpoenas command production of the following:

> Copies of all emails, text messages, or any other correspondence between your office . . . and [an employee of Budget] or any other person who is an employee, officer, director or owner of Budget Maintenance Concrete Svcs, Inc., in relation to the requests made in the attached discovery.

Document #19 at 4, 7 and 10. The term "attached discovery" references requests for admission the plaintiffs sent to Budget earlier this year. *See* Document #24-1 at 1-2.

Budget moves to quash all three subpoenas pursuant to Federal Rule of Civil Procedure 45(d)(3). Budget argues that the plaintiffs failed to give it prior notice before serving the subpoena as Rule 45(a)(4) requires, and that the attorney-client privilege covers all the communications. Jones, Jackson & Moll also moves to quash the subpoena it received for the same reasons.

Federal Rule of Civil Procedure 45(a)(4) requires a party to serve notice and a copy of a subpoena commanding the production of documents on each party, before such subpoena is served on the person to whom it is directed. The purpose of the notice requirement is to afford the other parties an opportunity to object. *See* Fed. R. Civ. P. 45, 2013 Amendment to Advisory Committee Notes. Various district courts have routinely refused to quash subpoenas, however, for technical

violations of this rule where there is no prejudice to the opposing party. *See, e.g.*, *Whitney v. Franklin Gen. Hosp.*, 2015 WL 1879514 at *4 (N.D. Iowa) (refusing to quash subpoena where opposing party received copy of the subpoena two days after it was served and had opportunity to object; and collecting cases in which district courts have held likewise).

Here, plaintiffs' counsel issued the subpoenas on October 22nd. The record does not show when the subpoenas were mailed, but Budget says they were mailed the same day. On the following day—October 23rd—plaintiffs' counsel sent defendants' counsel a copy of the subpoenas. At most, therefore, the subpoenas were mailed to the non-parties one day before notice was mailed to defendants' counsel. Budget has had an opportunity to object, as it has moved to quash all the subpoenas. Here, the plaintiffs' technical violation of Rule 45(a)(4) does not require that the subpoenas be quashed because the defendants have neither shown nor argued that they were prejudiced. The Court will thus turn to the merits of the privilege issue.

A Court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). The attorney-client privilege is one of the oldest privileges, existing to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981). The privilege survives even beyond the client's death. *Swidler & Berlin v. United States*, 524 U.S. 399, 411, 118 S. Ct. 2081, 2088, 141 L. Ed. 2d 379 (1998). In diversity cases, like this one, the state law supplying the rule of decision governs application of the privilege. Fed. R. Evid. 501.

The party asserting a privilege bears the burden of showing the privilege applies. *Kinkead v. Union Nat'l Bank*, 51 Ark. App. 4, 11, 907 S.W.2d 154, 158 (1995). In Arkansas, a client "has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." Ark. R. Evid. 502(b). An exception applies "[i]f the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud." Ark. R. Evid. 502(d)(1). Fraud requires a false representation, knowledge or belief that the representation was false, intent to induce action or inaction in reliance on the misrepresentation, justifiable reliance upon the representation, and resulting damages. 1 Howard W. Brill & Christian H. Brill, Law of Damages § 33.8 (6th ed. 2014).

As noted, the plaintiffs seek correspondence between the defendant and Jones, Jackson & Moll; Tucker, Albin & Associates; and Orlando Law Offices relating to requests for admission that the plaintiffs previously sent to Budget. The requests for admission ask Budget to admit that it hired three separate law firms to collect payment "on the VOID contract"; that each firm was provided notice that Budget had violated Arkansas law, rendering the contract void; that Jones, Jackson & Moll declined to pursue collection after receiving such notice; that Tucker, Albin & Associates declined to pursue collection after receiving such notice; and that Orlando Law Offices filed a frivolous action in Pennsylvania on behalf of Budget after receiving such notice. Document #24-1 at 1-2. Budget denied the first request for admission, and responded to the latter three with, "Budget cannot Admit or Deny . . . what a third party may or may not have received." *Id.* The plaintiffs objected, maintaining that Budget should have admitted each statement. *Id.* When Budget did not change its answer, the plaintiffs sent the subpoenas described above.

4

Budget asserts the attorney-client privilege. Budget admits, however, that only "[t]wo of the non-parties subpoenaed are law firms." Document #20 at 1-2. Budget has presented nothing to show that Tucker, Albin & Associates "is a person authorized, or is reasonably believed by the client to be authorized, to engage in the practice of law in any state or nation." *See* Ark. R. Evid. 502(a)(3) (defining "lawyer" for purposes of the privilege). Budget has not shown that the communications sought from Tucker, Albin & Associates are privileged or protected. With respect to Jones, Jackson & Moll and Orlando Law Offices, however, the communications sought between Budget and its previous lawyers directly address the strength of Budget's legal entitlement to payment from CKG, so they were "made for the purpose of facilitating the rendition of professional legal services to the client." Ark. R. Evid. 502(b). These communications are privileged.

The plaintiffs argue that the fraud exception applies. They contend that communications between Budget and its lawyers go to the heart of proving their claims, because they might show that Budget had actual knowledge that the contract was void and unenforceable. Its subsequent decision to file a lawsuit on the contract, their argument goes, shows that Budget chose to deliberately ignore the law and knowingly filed a fraudulent lawsuit.

That argument is not persuasive. Budget hired its former lawyers to collect payment from CKG. For present purposes, the Court will assume that those lawyers advised Budget that its claim against CKG was weak or nonexistent under the law and that Budget decided to file suit anyway. Legal advice regarding the merits of a potential claim is precisely the kind of frank communication the privilege seeks to protect. *McCrory v. Johnson*, 296 Ark. 231, 246, 755 S.W.2d 566, 574 (1988) (holding that lawyer's advice to client was privileged); *see also Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (noting that the privilege extends to confidential communications from

client to lawyer and from lawyer to client). That the client disregarded the advice does not negate the privilege. Moreover, the act of filing a lawsuit that one knows to be frivolous—as the plaintiffs allege it was—is not fraud because the element of justifiable reliance is absent. *Miller v. Williams*, 2008 WL 4811387 at *1 n.1 (Ohio Ct. App. Nov. 5, 2008); *Neal v. Second Sole of Youngstown, Inc.*, 2018 WL 340142 at *4 (N.D. Ohio, Jan. 9, 2018); Brill & Brill, Law of Damages § 33.8. Budget may have knowingly filed a frivolous lawsuit to collect from CKG. Nothing shows, however, that Budget knew, or should have known, that filing a lawsuit would constitute fraud when it sought or obtained legal services. The fraud exception to the attorney-client privilege does not apply. Ark. R. Evid. 502(d)(1).

For the foregoing reasons, Budget's motion is GRANTED IN PART and DENIED IN PART. Document #19. Jones, Jackson & Moll's motion is GRANTED. Document #21. The subpoenas directed to Jones, Jackson & Moll and Orlando Law Offices are quashed. The subpoena directed to Tucker, Albin & Associates is not quashed.

IT IS SO ORDERED this 14th day of November, 2018.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　J. LEON HOLMES
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE