# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CKG, INC.; and KIMBERLY CARROL                                    PLAINTIFFS

v.                                   NO. 4:17CV00019 JLH

BUDGET MAINTENANCE CONCRETE
SERVICES, INC.                                                                 DEFENDANT

## OPINION AND ORDER

This is the second lawsuit filed as a result of a construction dispute. CKG, Inc., is an Arkansas contractor that was performing work in Maumelle, Arkansas, in 2015. Kimberly Carrol is President of CKG. Budget Maintenance Concrete Services, Inc., is a Pennsylvania corporation that agreed to do subcontract work for CKG on the Maumelle project. In August of 2016, Budget filed suit in Pennsylvania to recover amounts that it contended were owed by CKG and Carrol for work on the Maumelle project. Budget obtained a judgment that has now been registered in Pulaski County Circuit Court as a foreign judgment.

CKG and Carrol commenced this action in Pulaski County Circuit Court on December 20, 2016, alleging a fraud scheme with two parts: first, Budget assured CKG and Carrol that it was licensed in the State of Arkansas, which was false; second, Budget never intended to perform the work but, rather, intended to perform partially, then leave the project incomplete and file a fraudulent lawsuit to collect for the work that was never performed. CKG and Carrol seek relief for common law fraud and for deceptive trade practices under Ark. Code Ann. § 4-88-107(10). Budget removed this action to this Court based on diversity of citizenship jurisdiction.

CKG and Carrol have filed a motion for declaratory judgment, asking the Court to declare that the contract between CKG and Budget is void because it violates Ark. Code Ann. § 17-25-103 inasmuch as Budget did not have a valid Arkansas contractor's license. Budget has filed a motion

for summary judgment arguing that CKG and Carrol's claims fail as a matter of law. More recently, the lawyer representing CKG and Carrol has moved to withdraw on the grounds that he is not being paid. The Court will first take up the motion for summary judgment.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Id*.

A fraud claim in Arkansas requires proof of five essential elements: (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence to make it; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable

reliance on the representation; and (5) damage as a result of the reliance. *Golden Tee, Inc. v. Venture Golf Schools, Inc.*, 333 Ark. 253, 266, 969 S.W.2d 625, 632 (1998).

With respect to the first part of the alleged fraud—that Budget represented that it was licensed in Arkansas whereas in fact it was not—Budget says that it never represented that it was licensed in Arkansas, whereas CKG and Carrol points to a portion of an advertisement for a list of services sent by Budget to Carrol in which Budget says that it is "Licensed, Fully Insured and Bonded." Document #28 at 10. Assuming, without deciding, that that statement on the advertisement constituted a representation by Budget that it was licensed in Arkansas, CKG and Carrol's fraud claim still must fail because CKG and Carrol cannot establish that they justifiably relied upon that representation. Whether Budget was licensed in Arkansas was a matter of public record which could have been ascertained easily by checking with the contractors' licensing board. Indeed, after the fact, Carrol contacted the contractors licensing board and learned that Budget was not listed as a licensed contractor in Arkansas. Document #2 at 12. The Arkansas courts have held that claims for fraud or constructive fraud could not survive where the claims were predicated on false representations by contractors that they were bonded because the persons who relied on those representations could have consulted the public record and learned to the contrary. *Beebe Sch. Dist. v. Nat'l Supply Co.*, 280 Ark. 340, 343-44, 658 S.W.2d 372, 374 (1983); *Alliance Steel, Inc. v. TNT Const., Inc.*, 2009 Ark. App. 405 at 4, 322 S.W.3d 501, 503-04. Based on those decisions by the Arkansas courts, CKG and Carrol cannot establish that they justifiably relied on Budget's representation that it was licensed in Arkansas. The same result obtains under the Deceptive Trade Practices Act. *Moore v. Mack's Sport Shop, LLLP*, No. 4:16CV00540-KGB, 2017 WL 4350980 at *9 (E.D. Ark. Sept. 27, 2017).

As to the second part of the alleged fraud, projections of future events or promises of future conduct ordinarily will not support a claim of fraud. *Golden Tee*, 333 Ark. at 267, 969 S.W.2d at 632. Promises as to future conduct may, however, support a fraud claim if the person making the promise never intended to fulfill it. *Robertson Oil Co. v. Phillips Petroleum Co.*, 871 F.2d 1368, 1371 (8th Cir. 1989). Budget has included with its motion for summary judgment a copy of the contract at issue and pointed out that it agreed that it would not be paid until after the work was completed, which is logically inconsistent with the allegation that it never intended to perform. Document #28 at 6-9. CKG and Carrol have presented no proof that Budget never intended to fulfill its contractual obligations.

CKG and Carrol have failed to present facts sufficient to show a genuine dispute of material fact on the claims asserted in their complaint. Therefore, Budget's motion for summary judgment must be granted.

In reaching the conclusion that Budget's motion for summary judgment must be granted, the Court has not addressed Budget's argument that CKG and Carrol's claims are barred by res judicata based on the judgment entered by the court in Pennsylvania, nor has the Court addressed CKG and Carrol's motion for a declaratory judgment holding that the contract at issue was void. Budget's res judicata argument assumes that the Pennsylvania court gained personal jurisdiction over CKG and Carrol, but the record here is insufficient to enable the Court to determine whether the Pennsylvania court had personal jurisdiction. Because Budget is entitled to summary judgment on other grounds, this Court need not decide that issue. As to CKG and Carrol's motion for a declaratory judgment, it is unnecessary to reach the issue of whether the contract was void because the fraud claims asserted by CKG and Carrol in their complaint do not depend on resolution of that issue.

## CONCLUSION

For the reasons stated, the motion for summary judgment filed by Budget Maintenance Concrete Services, Inc., is GRANTED. Document #28. The claims of the plaintiffs are dismissed with prejudice. The motion filed by the lawyer for the plaintiffs asking to be relieved as counsel is DENIED as moot. Document #36. The plaintiffs' motion for a declaratory judgment is DENIED without prejudice. Document #27.

IT IS SO ORDERED this 8th day of January, 2019.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE